**BOIES SCHILLER FLEXNER LLP**
Stuart H. Singer, Esq.
Meredith Schultz, Esq.
Pascual Oliu, Esq.
Corey P. Gray, LTC, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
ssinger@bsfllp.com
poliu@bsfllp.com
mschultz@bsfllp.com
cgray@bsfllp.com

*Counsel for Plaintiff,*
*Arrow Electronics, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## DENVER DIVISION

| | |
|---|---|
| ARROW ELECTRONICS, INC., | Case No.: 1:18-CV-00889-CMA-MEH |
| Plaintiff, | |
| v. | **PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. SECTION 1404(a)** |
| ELNA CO., LTD.; ELNA AMERICA INC.; MATSUO ELECTRIC CO., LTD.; TOSHIN KOGYO., LTD.; OKAYA ELECTRIC INDUSTRIES CO., LTD.; OKAYA ELECTRIC AMERICA INC.; TAITSU CORPORATION; TAITSU AMERICA, INC.; SHINYEI KAISHA; SHINYEI TECHNOLOGY CO., LTD.; SHINYEI CAPACITOR CO., LTD.; SHINYEI CORPORATION OF AMERICA, INC.; NITSUKO ELECTRONICS CORPORATION; NISSEI ELECTRIC CO., LTD.; SHIZUKI ELECTRIC CO., INC.; SOSHIN ELECTRIC CO., LTD.; SOSHIN ELECTRONICS OF AMERICA, INC.; NIPPON CHEMI-CON CORPORATION; and UNITED CHEMI-CON, INC., | |
| Defendants. | |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

I. CONCISE BACKGROUND AND RELEVANT PROCEDURAL HISTORY ........ 2

    A. Judge Donato's *In re Capacitors* Background ............................................. 2

    B. Judge Donato's Invitation to Try Arrow's Case Along with the Other Opt-Out Cases after § 1404 Transfers from This Court and the Arizona Court .... 2

    C. The Common Defendants' Relevant Admissions on a § 1404 Transfer ........ 4

    D. Today's Arizona Ruling Granting the § 1404 Motion to Transfer ................. 5

II. LEGAL STANDARD .................................................................................................. 5

III. TRANSFER OF PLAINTIFFS' ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA IS WARRANTED ................................................................................ 8

    A. Defendants have Already Declared the Northern District of California is the Appropriate Forum to Try Opt-Out Cases ................................................. 8

    B. The Interests of Justice are Served by a Transfer ........................................... 8

    C. Colorado Has No Interest in Keeping the Action ......................................... 11

    D. There is Neither Prejudice Nor Inconvenience for Defendants in California ...................................................................................................... 11

IV. CONCLUSION .......................................................................................................... 12

D.C. COLO. L. CIVR 7.1(A) CERTIFICATION OF COMPLIANCE ............................. 13

CERTIFICATE OF SERVICE .................................................................................................. 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altamont Pharmacy, Inc. v. Aboott Lab'ys.*,
  2002 WL 69495 (N.D. Ill. Jan. 18, 2002) ........................................................................... 7

*Avnet, Inc. v. Hitachi Chemical Co., Ltd., et al.*,
  (D. Ariz. Case No. 16-cv-02808) ................................................................................. 1, 4

*Bayly Mfg. Co. v. Koracorp Industries, Inc.*,
  298 F. Supp. 600 (D. Colo. 1969) ................................................................................... 12

*Bovino v. Incase Designs Corp.*,
  13-CV-2106-WJM-MJW, 2014 WL 1796914 (D. Colo. May 6, 2014) ........................... 6

*Cherokee Exp. Co. v. Chrysler Int'l Corp.*,
  142 F.3d 432 (6th Cir. 1998) ........................................................................................... 10

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
  928 F.2d 1509 (10th Cir. 1991) ......................................................................................... 6

*EC Data Sys., Inc. v. J2 Glob., Inc.*,
  12-CV-00446-PAB, 2012 WL 3764765 (D. Colo. Aug. 29, 2012) .................................. 6

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*,
  618 F.3d 1153 (10th Cir. 2010) ......................................................................................... 9

*Gates Learjet Corp. v. Jensen*,
  743 F.2d 1325 (9th Cir. 1984) ......................................................................................... 10

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ........................................................................................... 10

*Ito v. Tokio Marine & Fire Ins. Co.*,
  166 F. App'x 932 (9th Cir. 2006) .................................................................................... 10

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) .............................................................................................. 10

*Keene v. McKesson Corp.*,
  No. 12-CV-05924-JST, 2015 WL 9257949 (N.D. Cal. Dec. 17, 2015) ........................... 10

*Kenwin Shops*,
  No. 97 CIV 907, 1999 WL 294800 (S.D.N.Y. May 11, 1999) ......................................... 9

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
  523 U.S. 26 (1998) .................................................................................................. 3, 6, 7

*Oliver v. FCA US LLC*,
  No. 19-CV-11738, 2020 WL 3071851 (E.D. Mich. June 10, 2020) ................................ 5

*Pfizer Inc. v. Sandoz, Inc.*,
  2010 WL 502726 (D. Colo. Feb. 8, 2010) ...................................................................... 5

*Philip Carey Mfg. Co. v. Taylor*,
  286 F.2d 782 (6th Cir. 1961) .......................................................................................... 5

*Romo v. McKesson Corp.*,
  No. ED 12-2036 PSG EX, 2015 WL 3622620 (C.D. Cal. June 9, 2015) ...................... 10

*Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
  626 F.3d 973 (7th Cir. 2010) .......................................................................................... 8

*Shah v. Pan Am. World Servs., Inc.*,
  148 F.3d 84 (2d Cir. 1998) ............................................................................................. 7

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) .......................................................................................................... 6

*Texas E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*,
  579 F.2d 561 (10th Cir.1978) ......................................................................................... 6

*The AASI Beneficiaries' Trust, by and through Kennett A. Welt, Liquidating Trustee v.
  AVX Corp., et al.* (S.D. Fla. Case No. 16-cv-23691) ................................................. 1, 4

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ...................................................................................................... 11

**Statutes**

28 U.S.C. § 1404 ............................................................................................................... *passim*

28 U.S.C. § 1407 ............................................................................................................ 6, 7, 8, 9

**Other Authorities**

D.C. COLO. L. CIVR 7.1(a) ................................................................................................... 13

Plaintiff Arrow Electronics, Inc. ("Arrow") files this Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

**PRELIMINARY STATEMENT**

After spending four years litigating these actions as part of an MDL in the Northern District of California before the Honorable James Donato, including a virtual two-year hiatus because of Covid-19, Arrow is eager to go to trial and to have its action heard as swiftly as possible.

Prior to the JPML remanding this action back to this district, Judge Donato informed Arrow and the other opt-out parties that—subject to the approval of the remand judges—he would be "happy to have" Arrow and the other remaining opt-out plaintiffs'[1] (together "Opt-Out Plaintiffs") actions back before him for a consolidated trial. Further, Judge Donato said that he would be able to "fit [Arrow and the other remaining opt-out plaintiffs] in for trial," and that he is available for that trial as early as October 2022.

There are three sets of opt-out plaintiffs: (1) the Florida Plaintiff; (2) the Arizona Plaintiffs; and (3) Arrow. Years ago, the presiding judge in the Southern District of Florida transferred the Florida Plaintiff's action under § 1404 to Judge Donato where it is presently pending. Therefore, the JPML remanded only the Arizona Plaintiffs and Arrow to the District of Arizona and the District of Colorado, respectively.

Today, the Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, granted the Arizona Plaintiffs' § 1404 motion to transfer their consolidated cases back to the Northern District of California. *See* Exhibit 1, July 15, 2022, Order Granting Motion to Transfer, 2:16-cv-02808-ROS at ECF No. 102.

---

[1] The other opt-out Plaintiffs consist of "Arizona Plaintiffs" and a "Florida Plaintiff." The Arizona Plaintiffs are Avnet, Inc.; Benchmark Electronics, Inc., Benchmark Electronics Huntsville, Inc.; Benchmark Electronics Manufacturing Solutions (Moorpark), Inc.; Benchmark Electronics Manufacturing Solutions, Inc.; Benchmark Electronics Phoenix, Inc.; Benchmark Electronics Tijuana, S. de R. L. de C. V.; Benchmark Electronics De Mexico S. de R. L. de C.V.; Jaco Electronics, Inc.; and Vermont Street Acquisition, LLC. *See Avnet, Inc. v. Hitachi Chemical Co., Ltd., et al.* (D. Ariz. Case No. 16-cv-02808) (the "Arizona Action"). The Florida Plaintiff is AASI Beneficiaries' Trust, by and Through Kennet A. Welt, Liquidating Trustee. *See The AASI Beneficiaries' Trust, by and through Kennett A. Welt, Liquidating Trustee v. AVX Corp., et al.* (S.D. Fla. Case No. 16-cv-23691) (the "Florida Action").

Arrow seeks the same relief, and respectfully requests that this Court transfer its case back to the Northern District of California so that Judge Donato may hold a consolidated trial with Arrow, the Florida Plaintiff, and the Arizona Plaintiffs.

## I.   CONCISE BACKGROUND AND RELEVANT PROCEDURAL HISTORY

### A.   Judge Donato's *In re Capacitors* Background

The *In re Capacitors* litigation was initiated in 2014 with the filing in the United States District Court for the Northern District of California of class actions by direct purchaser plaintiffs (DPPs) and indirect purchaser plaintiffs (IPPs). The class actions were then consolidated before Judge James Donato. Judge Donato has presided over the *In re Capacitors* litigation for almost nine years. In that time he has presided over two *In re Capacitors* trials involving the direct purchaser class—issuing decisions on numerous issues likely to arise in Arrow's trial—ruled on dozens of summary judgment motions and *Daubert* motions, and considered a litany of motions *in limine* from both the plaintiffs' class and defendants. In addition, to the civil actions, has also overseen the ten companion criminal actions in which corporate and individual defendants pleaded guilty to criminal violations of Section 1 of the Sherman Act for their involvement in the capacitors price-fixing conspiracy.

Accordingly, Judge Donato is deeply familiar with the witnesses and their testimony, and the invocations and revocations of various witnesses' Fifth Amendment rights. With regard to Arrow, specifically, Judge Donato has adjudicated every aspect of Arrow's action, including a motion to dismiss and various motions for summary judgment. *See* 17-md-02801-JD ("MDL Docket").

### B.   Judge Donato's Invitation to Try Arrow's Case Along with the Other Opt-Out Cases after § 1404 Transfers from This Court and the Arizona Court

In light of Judge Donato's extensive experience with the *Capacitors* litigation, the convenience to the parties and witnesses, and in the interest of justice, Arrow joined with the other Opt-Out Plaintiffs to file a *Lexecon*[2] notice waiving their rights to be remanded to the District of Colorado following the conclusion of pre-trial proceedings. MDL, Dkt. No. 1533. Defendants

---

[2] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

opposed the *Lexecon* waiver, and insisted that the actions be remanded to this Court. MDL, Dkt. No. 1541.

Judge Donato subsequently held a status conference to discuss remanding this action back to this district. *See* Exhibit 2 (Apr. 21, 2022 Status Conf. Tr.). During the conference, Arrow and the Florida/Arizona opt-out plaintiffs informed Judge Donato that, if the court was agreeable, it—and the other opt-out plaintiffs remanded to the District of Arizona—would file § 1404 motions to be transferred back to the Northern District of California because of the efficiency advantages. *See* Exhibit A at 10:23-11:09. As the Arizona Plaintiffs explained, the remaining direct actions could be tried together in a single trial because of the common representation of the plaintiffs. *Id*. at 10:23-11:9.

Judge Donato agreed with Arrow and the Florida and Arizona Plaintiffs: "I just want to be clear, the trial will not be an issue. We are prioritizing trials. I've done three, including the last DPP trial for the MDL just a couple months ago in December. So I can get you in on trial soon. That's not a holdup for me." *Id*. at 13:18-22. Judge Donato further suggested that, "if [the] Colorado and Arizona [Plaintiffs] come back, maybe you two would do it together. I mean, this is just a concept. Does that sound okay?" *Id.* 20:18-21. Plaintiffs' counsel agreed. *Id*. at 20:24-25:2. He then confirmed with Arrow and the other opt-out plaintiffs that they could be ready for trial by October 2022. *Id*. at 16:16-17:15. Concluding the conference, Judge Donato invited Arrow and the other opt-out plaintiffs to "come back. Happy to have you. Can certainly fit you in for trial, no problem." *Id*. at 24:17-18. Accordingly, the Arizona Plaintiffs obtained a § 1404 transfer from the Arizona court today, and Arrow presently moves for the same before this Court.

### C. The Common Defendants' Relevant Admissions on a § 1404 Transfer

Though Arrow did not file its opt-out complaint until 2018, prior to that, in 2016, Defendants common to the Opt-Out Plaintiffs ("Common Defendants")[3] moved the Arizona and Florida district courts under § 1404 to transfer each of the respective opt-out actions to Judge Donato for all purposes, **_including trial_**. See *Avnet, Inc. et al v. Hitachi Chemical Co., Ltd., et al.,* Dist. Ariz. 16-cv-02808-ROS (the "Arizona Action"), ECF No. 29;[4] *The AASI Beneficiaries' Trust, by and through Kennett A. Welt, Liquidating Trustee v. AVX Corp., et al.* (S.D. Fla. Case No. 16-cv-23691) (the "Florida Action"), ECF No. 6.

In those motions, the Common Defendants argued that "all [parties] agree that the convenience of the witnesses and parties strongly favors transferring this action to the Northern District of California." *See* Arizona Action, ECF 29 at 7. More specifically, the Common Defendants argued that a transfer would prevent "burden[ing] the witnesses and the parties with multiple, duplicative trials in both the Northern District of California and before this Court." *Id.* ("These factors weigh heavily in favor of transfer because, as Avnet argued to the JPML, transfer to the Northern District of California 'will further the convenience of the parties and witnesses'") (internal quotes omitted); Florida Action, ECF 49 at 7 (same). Further, Defendants asserted that, "[s]imply put, Section 1404(a) was designed to prevent . . . separate, duplicative trials that would considerably inconvenience many witnesses." Florida Action, ECF 49 at 8.

Defendants' 2016 position applies today with even more relevance. In the intervening years, Defendants have engaged in pretrial litigation in the Northern District of California before

---

[3] Common Defendants include ELNA Co., Ltd.; ELNA America Inc. (collectively, "ELNA"); Matsuo Electric Co. ("Matsuo"), Ltd.; Taitsu Corporation; Taitsu America, Inc. (collectively, "Taitsu"); Shinyei Capacitor Co., Ltd.; Shinyei Corporation of America, Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd. (collectively "Shinyei"); Soshin Electric Co., Ltd.; Soshin Electronics of America, Inc. (collectively, "Soshin"); Nippon Chemi-Con Corporation and United Chemi-Con, Inc. (collectively "NCC") are all common defendants to the Opt-Out Plaintiffs. Arrow's claims against the following former common defendants who also moved to transfer have been resolved: Toshin Kogyo, Ltd.; Okaya Electric Industries Co., Ltd.; Okaya Electric America Inc.; Nitsuko Electronics Corporation; Nissei Electric Co., Ltd.; and Shizuki Electric Co.

[4] To be clear, common defendants Nippon Chemi-Con Corporation and United Chemi-Con, Inc. were not involved in that briefing Arizona briefing.

Judge Donato, who has presided over every aspect of Defendants' actions, including over the various opt-out actions. Given the Opt-Out Plaintiffs' intent to consolidate their actions into one trial before Judge Donato, and the court's express availability to try the consolidated cases in the fall of 2022, transfer is in the interest of justice. After four years of litigation, Arrow is entitled its day in court.

### D. Today's Arizona Ruling Granting the § 1404 Motion to Transfer

As mentioned above, Judge Silver in the District of Arizona granted the Arizona Plaintiffs' § 1404 motion and directed the Clerk of Court to transfer the Arizona Plaintiff's actions to Judge Donato in the Northern District of California. *See* Exhibit 1, Order Granting Motion to Transfer. Judge Silver explained: "Now that Plaintiff no longer has a strong preference that trial occur in Arizona, the balance of the factors supports transferring the case to California. Of particular importance, the judge who handled the multidistrict proceeding is now exceptionally familiar with the parties' contentions and governing law." *Id*. at 2. Similarly, Arrow no long has a preference that its trial occur in Colorado; instead, it would like to try its case in the District of California along with the Florida Plaintiff and the newly-transferred Arizona Plaintiffs.

## II.   LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The right to a transfer under § 1404(a) is available to a plaintiff as well as a defendant. *See Pfizer Inc. v. Sandoz, Inc.*, 2010 WL 502726, at *5 (D. Colo. Feb. 8, 2010) (Granting transfer motion of plaintiff who filed in the District of Colorado, but later preferred the District of Delaware, and where the defendant failed to "overcome the presumption in favor of the Plaintiff's preferred choice of forum"). This is because, "[a] plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer. A judge in his [or her] discretion may take this into consideration in determining if a transfer should be granted." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961); *Oliver v. FCA US LLC*, No. 19-CV-11738, 2020 WL 3071851, at *2 (E.D. Mich. June 10, 2020) (same).

In the Tenth Circuit, when considering whether to effectuate a transfer under § 1404, courts analyze several factors, including, *inter alia*, the plaintiff's choice of forum, accessibility of witnesses, the relative obstacles and advantages to a fair trial, the difficulties arising from congested dockets, and other considerations that facilitate the easy, expeditious, and economical resolution of the action at trial. *Bovino v. Incase Designs Corp.*, 13-CV-2106-WJM-MJW, 2014 WL 1796914, at *1 (D. Colo. May 6, 2014) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). Courts must consider such factors because each motion to transfer under § 1404 must be analyzed on "an individualized, case-by-case consideration of convenience and fairness." *EC Data Sys., Inc. v. J2 Glob., Inc.*, 12-CV-00446-PAB, 2012 WL 3764765, at *1 (D. Colo. Aug. 29, 2012) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Texas E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978).

As noted today by Judge Silver, there is good reason to transfer this case back to the Northern District of California under Judge Donato. Through the four years of litigating this matter before Judge Donato, Arrow's choice of forum is the Northern District of California. Due to the procedural history and litigation that has occurred, to which Common Defendants have been engaged, the Northern District of California, in a consolidated trial, is the most conveniently accessible forum for the parties and the witnesses (as Common Defendants themselves have argued on two separate occasions). There are no credible obstacles, but numerous advantages to a trial held in the Northern District of California before Judge Donato, as have been illustrated herein. Further, any difficulties arising from congested dockets are alleviated by Judge Donato's availability to try this case, and those of the other opt-out plaintiffs in the fall of this year. Resolving the remaining disputes at trial before Judge Donato in the fall of this year facilitates the easy, expeditious, and economical resolution of this action, which has been before Judge Donato for the past four years.

The Supreme Court has expressly contemplated an originating court, like this one, transferring an action back to the MDL court after remand. In *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, the Supreme Court addressed whether an MDL court could transfer ***to***

*itself*, pursuant to 28 U.S.C. § 1404(a), despite the command of 28 U.S.C. § 1407(a) that the Panel remand such cases back to the court of origin after pretrial procedures. *See* 523 U.S. 26 (1998). Holding that a transferee court must remand a case back to the transferor court for trial, the *Lexecon* court made it clear that "on any view of § 1407(a), if an order may be made under § 1404(a), ***it may be made after remand*** of the case to the originating district court." 523 U.S. 26 at 39 (emphasis added). Indeed, the *Lexecon* Court cited a House Report on the bill that later became § 1407 "that spoke of the continued vitality of § 1404 in § 1407 cases: '[t]he proposed statute affects only the pretrial stages in multidistrict litigation. It would not affect the place of trial in any case or exclude the possibility of transfer under other Federal statutes.'" *Id.* at 39-40.

Therefore, "[b]ecause the case[] at issue here [was] originally filed" in the District of Colorado, "the rule espoused in *Lexecon* does not bar this court from considering [a] § 1404(a) motion." *Altamont Pharmacy, Inc. v. Aboott Lab'ys*, 2002 WL 69495, at *1 (N.D. Ill. Jan. 18, 2002). Accordingly, under *Lexecon*, this court may grant the requested § 1404 transfer to the MDL court – the relief Arrow seeks here, and the relief Judge Silver granted today in Arizona to the other opt-out plaintiffs.

The Second Circuit also recognizes the expediency of transferring an action back to the MDL court for consolidation with other actions. *See Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 90–91 (2d Cir. 1998) ("*Lexecon* does not preclude later consolidation of multiple suits for trial after they have first been returned to the district courts from which they came. '[O]n any view of § 1407(a), if an order may be made under § 1404(a), it may be made after remand of the case to the originating district court.'") (citing *Lexecon*, 523 U.S. at 39). That is the situation here. Upon transfer back to the Northern District of California, Arrow and the other opt-out plaintiffs (who are all, as of today, in California) will seek to consolidate their cases, as suggested by Judge Donato.

Finally, transferring this case back to the Northern District of California is consistent with the post remand "policy reasons" set forth by the Manual for Complex Litigation. Specifically, the Manual recognizes that "during the often protracted time of the section 1407 assignment, the transferee judge gains a solid understanding of the case, and it makes sense for trial to be conducted

by the judge with the greatest understanding of the litigation" and that "there may be efficiencies in adjudicating related actions or portions thereof in one trial." *See Manual Complex Lit.* § 20.132. The Manual therefore provides "evolving alternatives" which "permit the transferee court to resolve multidistrict litigation through trial while remaining faithful to the *Lexecon* limitations." *Id*. One of those alternatives is the precise relief Plaintiff seeks: "After an action has been remanded to the originating transferor court at the end of section 1407 pretrial proceedings, the transferor court could transfer the action pursuant to 28 U.S.C. § 1404… back to the transferee court for trial by the transferee judge." *Id*. Accordingly, like the Arizona court did today for the Arizona Plaintiffs, this Court should transfer Arrow back to the Northern District Court of California.

### III.  TRANSFER OF PLAINTIFFS' ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA IS WARRANTED

#### A.  Defendants have Already Declared the Northern District of California is the Appropriate Forum to Try Opt-Out Cases

Each Common Defendant previously told other federal district courts that the Northern District of California is the most appropriate venue for their respective cases, and that transfer to California serves the interest of justice. *See* Arizona Action, ECF No. 29 at 1 ("Defendants request that the Court transfer this action under Section 1404(a) to serve the convenience of the parties and witnesses, maximize the efficiency of having a single trial, and avoid the possibility of inconsistent or contradictory results."). Accordingly, any argument put forth by the Common Defendants that trying this case in the Northern District of California is a burden, is inconvenient, will subject them to prejudice, or is in any way inappropriate is without merit. Plaintiff does not believe it is fitting or useful to burden this Court and its resources with a trial when the defendants, themselves, have already acknowledged that a different venue is more appropriate.

#### B.  The Interests of Justice are Served by a Transfer

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. … For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

The grounds for transfer are straightforward. From the time Common Defendants filed their original § 1404 motion in Arizona, they have agreed that the Northern District of California is the most efficient forum to try the Arizona Plaintiffs' actions and that the Arizona and Florida Plaintiffs could have filed their suits in the Northern District of California (Arrow is no different). With Judge Donato's nine-year management of the *In re Capacitors* MDL, his administration of two trials, the corresponding criminal proceedings, and his availability for a trial of this action, as well as the other opt-out plaintiffs' actions this fall, that efficiency advantage has become paramount.

Today, Judge Silver in the District of Arizona expressly found Judge Donato to be "exceptionally familiar with the parties' contentions and governing law." *See* Order Granting Motion to Transfer at 3. When an MDL judge has become as familiar with an action as Judge Donato has in this action, and is able to schedule a trial earlier than the remand court, the interests of justice support a § 1404 transfer. For example, in *Kenwin Shops, Inc. v. Bank of Louisiana*, the Southern District of New York transferred two actions back to the MDL court following remand. *See Kenwin Shops,* No. 97 CIV 907, 1999 WL 294800 (S.D.N.Y. May 11, 1999). The court explained:

> Judge Duval [the MDL judge] is of necessity more familiar with the litigation, having had all of the cases before him pursuant to 28 U.S.C. § 1407. It also appears—if BOL's suggestion that a trial will be scheduled in the Eastern District of Louisiana for this coming summer is correct—that the matter can be resolved considerably more promptly in that district than it could in this district where, on this Court's current trial schedule, it is unlikely that a trial could be had before the year 2000.

*Id*. at *4.

This action is on all fours with the *Kenwin Shops* action. Judge Donato has said that he is ready and able to try Arrow and the other opt-out plaintiffs' actions in October 2022. Thus, proceeding in the Northern District of California will lead to an earlier trial and more easy, expeditious, and economical resolution of this action as well as the other opt-out plaintiff actions.

The Tenth Circuit takes into consideration the speed of getting to trial when evaluating whether to transfer a case to another district. *See, e.g.*, *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*,

618 F.3d 1153, 1169 (10th Cir. 2010) (denying a motion to transfer from the District of Wyoming to the District of Utah, in part, because "[w]hen evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge . . . the District of Wyoming has a substantially less congested docket than the District of Utah"). Other circuits do the same. *See Ito v. Tokio Marine & Fire Ins. Co.*, 166 F. App'x 932, 935 (9th Cir. 2006) ("In considering the administrative difficulties flowing from court congestion, '[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'") (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) ("The public interests have included: … practical considerations that could make the trial easy, expeditious, or inexpensive.); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (same); *Cherokee Exp. Co. v. Chrysler Int'l Corp.*, 142 F.3d 432 (6th Cir. 1998) ("In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.").

Further, the fact that Judge Donato has ruled on substantive motions does not warrant against transfer of this action, particularly given Judge Donato's availability to set this case for trial this fall. *See Romo v. McKesson Corp.*, No. ED 12-2036 PSG EX, 2015 WL 3622620, at *4 (C.D. Cal. June 9, 2015) (transferring action where, "even if the MDL is winding down because many of the MDL cases are being remanded, that Court has become familiar with the issues at stake in this litigation and would, consequently, resolve them more efficiently" and "has made various rulings in the MDL that likely touch on the *Propoxyphene* Actions"); *Keene v. McKesson Corp.*, No. 12-CV-05924-JST, 2015 WL 9257949, at *3–4 (N.D. Cal. Dec. 17, 2015) (same).

The Court should grant this motion in the interest of justice based on Judge Donato's familiarity with the trial issues and his readiness to try all of the remaining opt-out actions together in October 2022.

### C. Colorado Has No Interest in Keeping the Action

Although another factor for the Court to consider in making a § 1404 analysis is the "applicable state law[]" that will apply in each forum, *Van Dusen v. Barrack*, 376 U.S. 612, 630 (1964),[5] the issues presented here are purely federal. Here, Arrow brings a single-count action under Section 1 of the Sherman Act; accordingly, there are no Colorado state law claims a court must resolve. Indeed, there are no state law issues whatsoever; therefore, Defendants can incur no prejudice in trying the case in California.

Moreover, the instant motion is hardly forum shopping. After all, the Judicial Panel on Multidistrict Litigation – not Arrow – selected the Northern District of California. And it is Judge Donato in the Northern District of California who is "happy" to offer a, "easy, expeditious, and economical resolution of the action at trial" due to his near-term availability and his ability to consolidate the various opt-out actions into one trial.

Further, Arrow does not bring this motion by any desire to evade the jurisdiction of the District of Colorado. Instead, Arrow seeks to consolidate its case with other opt-out plaintiffs, all of whom are now in the Northern District of California, where Arrow will receive an expeditious trial date. As the Common Defendants told the district court in Florida, "Section 1404(a) was designed to prevent . . . separate, duplicative trials that would considerably inconvenience many witnesses." Florida Action, ECF 49 at 8. Transfer to the MDL court would avoid such duplicative trials.

### D. There is Neither Prejudice Nor Inconvenience for Defendants in California

A transfer to the Northern District of California will not prejudice or inconvenience the affected Defendants – Defendants who fought for such a transfer at the outset of the litigation. Defendants have litigated *In re Capacitors* in the Northern District of California for nearly a decade. Moreover, the majority of Defendants' witnesses and parties are from Japan. California's proximity to Japan relative to Colorado makes California a more convenient forum for Defendants.

---

[5] "The decisions of the lower federal courts, taken as a whole, reveal that courts construing s 1404(a) have been strongly inclined to protect plaintiffs against the risk that transfer might be accompanied by a prejudicial change in applicable state laws." *Van Dusen*, 376 U.S. at 630.

In California, Defendants' witnesses and parties will have a shorter travel time and a smaller difference in time zones. Indeed, Arrow is aware of no witness or counsel for Defendants domiciled or located in Colorado. And, as described above, the Common Defendants previously told district courts in both Florida and Arizona that "the convenience of the witnesses and parties strongly favors transferring this action to the Northern District of California." Arizona Action, ECF 29 at 7; Florida Action, ECF 49 at 7. Accordingly, Defendants cannot claim they are prejudiced or inconvenienced in trying this case in California instead of Colorado.

To the contrary, Defendants would be prejudiced in having to try, essentially, the exact same case in two different districts, rather than trying a consolidated case with the Florida, Arizona, and Colorado opt-out Plaintiffs in California. *C.f. Bayly Mfg. Co. v. Koracorp Industries, Inc.*, 298 F. Supp. 600, 603 (D. Colo. 1969) ("the pendency of similar actions in the proposed transferee district is a persuasive factor to be considered but it alone is not sufficient to justify a transfer").

## IV. CONCLUSION

For the foregoing reasons, the Arizona Plaintiffs respectfully request that this Court grant their Motion and transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

DATED: July 15, 2022

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:  /s/ *Corey P. Gray*
Stuart H. Singer
Meredith Schultz
Pascual Oliu
Corey P. Gray
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:   (954) 356-0011
Facsimile:    (954) 356-0022
Email: ssinger@bsfllp.com
            mschultz@bsfllp.com
            poliu@bsfllp.com
            cgray@bsfllp.com

Anne M. Nardacci
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  anardacci@bsfllp.com

*Attorneys for Plaintiff, Arrow Electronics*

## D.C. COLO. L. CivR 7.1(a) CERTIFICATION OF COMPLIANCE

Counsel for Arrow hereby certifies that he has conferred or made reasonable, good faith efforts to confer with counsel for ELNA Co., Ltd.; ELNA America Inc.; Matsuo Electric Co., Ltd.; Taitsu Corporation; Taitsu America, Inc.; Shinyei Capacitor Co., Ltd.; Shinyei Corporation of America, Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Soshin Electric Co., Ltd.; Soshin Electronics of America, Inc., and Nipppon Chemi-con Corporation; and United Chemi-con, Inc., via email communication. Defendants oppose this Motion.

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served via e-mail through the CM/ECF system for the District of Arizona on all counsel of record on July 15, 2022.

/s/ *Corey P. Gray*
Corey P. Gray